IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:25-cv-1758

MAX TAUBER,

    Plaintiff,

vs.

ALLSTATE INSURANCE COMPANY,

    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, MAX TAUBER (hereinafter "Plaintiff"), by and through undersigned counsel, and brings this action against the Defendant, ALLSTATE INSURANCE COMPANY (hereinafter "Defendant"), Pursuant to 42 U.S.C. § 4001, *et. seq.*, and alleges as follows:

### GENERAL ALLEGATIONS, JURISDICTION AND VENUE

1. This is an action for damages in excess of $75,000.00 (Seventy-five-thousand Dollars), exclusive of interest, costs, and attorneys' fees.

2. At all material times relevant to this Complaint, Plaintiff has been and is the owner of real and personal property in the State of Florida, located at 105 Colonia Lane West, Nokomis, FL 34275 (hereinafter the "Property") and is otherwise *sui juris*.

3. Defendant has been and is now a foreign corporation that is authorized to engage in the business of insurance with Florida citizens, regularly conducts business in Sarasota County, and is otherwise *sui juris*.

4. In consideration for the premiums paid to it, Defendant issued Plaintiff a valid, binding, and enforceable policy of insurance bearing Policy Number 4809 5322 21 2022 (hereinafter the "Policy") that insured the Property on or about the date of loss of September 26, 2024, as well as a separate, secondary claim with a date of loss of October 10, 2024. A true and correct copy of the Policy is not in the possession of the Plaintiff, is in the possession and control of the Defendant, will be produced through discovery, and will be filed with the Court.

5. The Policy is an "All Risk" policy that covers all direct physical losses to the Property that are not otherwise expressly excluded.

6. The Policy was in full force and effect on or about September 26, 2024, as well as on the second loss of October 10, 2024.

7. On or about September 26, 2024, Plaintiff's Property sustained direct physical loss caused by flood and/or ensuing losses (hereinafter the "Loss1").

8. On or about October 10, 2024, Plaintiff's Property sustained a separate and direct physical loss caused by flood and/or ensuing losses (hereinafter the "Loss2").

9. Damage caused by flood and/or ensuing losses are covered under the Policy.

10. Damage caused by flood and/or ensuing losses are not expressly excluded from the Policy.

11. Plaintiff timely notified Defendant of the Loss1.

12. Defendant responded to the Loss1 by opening claim number 0770582567 (hereinafter the "Claim1").

13. Plaintiff timely notified Defendant of the Loss2.

14. Defendant responded to the Loss2 by opening claim number 0772756540 (hereinafter the "Claim2").

15. The damage for the Loss1 and Claim1, as alleged herein, arose as a direct and proximate result of flood and/or ensuing losses that occurred on or about September 26, 2024.

16. The damage for the Loss2 and Claim2, as alleged herein, arose from a separate, direct and proximate result of flood and/or ensuing losses that occurred on or about October 10, 2024.

17. Defendant has been afforded the opportunity to fully inspect the Loss1 and Loss2, investigate the cause of the Loss1 and Loss2, and quantify the amount of the Loss1 and Loss2.

18. Defendant inspected the Loss1 and Loss2 at the Property in its investigation of the Claim1 and Claim2.

19. During the claims handling process, Defendant afforded coverage for the Claim1, and, in doing so, Defendant admitted liability for the Loss1. However, the partial payment offered by Defendant is grossly inadequate to perform the repairs necessary to Plaintiff's Property as a result of the Loss1.

20. During the claims handling process, Defendant afforded coverage for the Claim2, and, in doing so, Defendant admitted liability for the Loss2. However, the partial payment offered by Defendant is grossly inadequate to perform the repairs necessary to Plaintiff's Property as a result of the Loss2.

21. Defendant has failed to pay Plaintiff the full insurance Policy benefits for the Claim1 and Claim2.

22. The Policy involved herein was issued by Defendant to Plaintiff in Sarasota County, Florida, and covers real property in Sarasota County, Florida. Additionally, the cause of action arose in Sarasota County, Florida. As such, venue is proper in Sarasota County pursuant to Fla. Stat. §47.051. and 28 U.S. Code §1391.

23. Plaintiff has complied with all prerequisites, whether denominated conditions precedent, duties after loss, or otherwise, to receive benefits or proceeds under the Policy, or maintain the instant suit for the breach or declarations of the Policy. Alternatively, Defendant has accepted performance, waived, or never had

standing to assert any prerequisites, whether denominated as conditions precedent, duties after loss, or otherwise.

### COUNT I – BREACH OF CONTRACT on LOSS1

24. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 23 as if fully set forth herein and further states:

25. This is a cause for breach of contact arising out an insurance Policy that was in effect at the time of the Loss1 to the insured Property.

26. On or about September 26, 2024, the Plaintiff's insured Property sustained direct, physical Loss1 by flood and/or ensuing losses.

27. The Loss1 at the insured Property has caused Plaintiff to suffer economic damages and substantial hardship as a result of a covered loss to the insured Property, and Plaintiff continues to suffer the Loss1.

28. Plaintiff timely notified Defendant of the Loss1 and filed the Claim1 in accordance with the terms and conditions of the Policy.

29. Defendant fully inspected the Property and was provided the full opportunity to evaluate the Loss1, cause of the Loss1, and amount of damages.

30. During the claims handling process, Defendant offered to pay Policy benefits on the Claim1.

31. Defendant admitted liability for the Loss1 through payment mentioned on the Claim1 and, in a letter to the Plaintiff, admitted liability.

32. The amount of the Policy benefits the Defendant paid is grossly inadequate to complete the repairs to the Property required by the Loss1.

33. Defendant denied contractual liability for the Loss1 and Claim1 as shown.

34. Defendant failed and/or refused to honor the contractual coverage in the Policy by failing and/or refusing to fully compensate Plaintiff by failing to fully and/or refusing to pay the correct amount of benefits owed under the Policy for the Claim1 based on the Loss1.

35. Plaintiff suffered damages including, but not limited to, insurance benefits under the Policy and damages from Defendant's breach of the insurance Policy.

36. Plaintiff at all times cooperated with Defendant in the adjustment of the Claim1.

37. Plaintiff also complied with all of their obligations under the Policy, or in the alternative, has been excused from performance by the acts, representations, omissions, or conduct of Defendant.

38. Notwithstanding the foregoing, Defendant has failed to timely and promptly pay the full amount due and owing under the Policy for the covered Loss1 sustained. Defendant's failure to timely and promptly pay all amounts due and owing under the Policy is a breach of the insurance contract.

39. Should Plaintiff prevail in this action, Plaintiff shall be entitled to interest from the date of the loss or date of the breach, as prescribed by Florida law.

40. Plaintiff respectfully requests that this Honorable Court enter an award of general compensatory damages, interest, and any and all other relief deemed just and proper.

WHEREFORE Plaintiff respectfully requests this Court enter an award of all:

A. General compensatory damages;

B. Interest; and

C. Any such other and further relief as this Court deems just and appropriate.

## COUNT II – BREACH OF CONTRACT on LOSS2

41. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 23 as if fully set forth herein and further states:

42. This is a cause for breach of contact arising out an insurance Policy that was in effect at the time of the Loss2 to the insured Property.

43. On or about October 10, 2024, the Plaintiff's insured Property sustained direct, physical Loss2 by flood and/or ensuing losses.

44. The Loss2 at the insured Property has caused Plaintiff to suffer economic damages and substantial hardship as a result of a covered loss to the insured Property, and Plaintiff continues to suffer the Loss2.

45. Plaintiff timely notified Defendant of the Loss2 and filed the Claim2 in accordance with the terms and conditions of the Policy.

46. Defendant fully inspected the Property and was provided the full opportunity to evaluate the Loss2, cause of the Loss2, and amount of damages.

47. During the claims handling process, Defendant offered to pay Policy benefits on the Claim2.

48. Defendant admitted liability for the Loss2 through payment mentioned on the Claim2 and, in a letter to the Plaintiff, admitted liability.

49. The amount of the Policy benefits the Defendant paid is grossly inadequate to complete the repairs to the Property required by the Loss2.

50. Defendant denied contractual liability for the Loss2 and Claim2 as shown.

51. Defendant failed and/or refused to honor the contractual coverage in the Policy by failing and/or refusing to fully compensate Plaintiff by failing to fully and/or refusing to pay the correct amount of benefits owed under the Policy for the Claim2 based on the Loss2.

52. Plaintiff suffered damages including, but not limited to, insurance benefits under the Policy and damages from Defendant's breach of the insurance Policy.

53. Plaintiff at all times cooperated with Defendant in the adjustment of the Claim2.

54. Plaintiff also complied with all of their obligations under the Policy, or in the alternative, has been excused from performance by the acts, representations, omissions, or conduct of Defendant.

55. Notwithstanding the foregoing, Defendant has failed to timely and promptly pay the full amount due and owing under the Policy for the covered Loss2 sustained. Defendant's failure to timely and promptly pay all amounts due and owing under the Policy is a breach of the insurance contract.

56. Should Plaintiff prevail in this action, Plaintiff shall be entitled to interest from the date of the loss or date of the breach, as prescribed by Florida law.

57. Plaintiff respectfully requests that this Honorable Court enter an award of general compensatory damages, interest, and any and all other relief deemed just and proper.

WHEREFORE Plaintiff respectfully requests this Court enter an award of all:

D. General compensatory damages;

E. Interest; and

F. Any such other and further relief as this Court deems just and appropriate.

Respectfully submitted this 8th day of July, 2025.

**ALLIANCE LAW FIRM**
Attorneys for Plaintiff
1665 Palm Beach Lakes Blvd., Suite 1001
West Palm Beach, FL 33401
Telephone: (561) 898-0351
Facsimile: (561) 335-1245
oberges@alliancelawfirm.org
eservice@alliancelawfirm.org

By: /s/ *Otto Bergés*
**Otto E. Bergés, Esq.**
Florida Bar No.: 193380